Appellant Jacqueline Romer-Sensky, Director, Ohio Department of Human Services appeals a judgment of the Fairfield County Common Pleas Court ordering appellant to conduct an evidentiary hearing concerning the revocation of appellee Matthew A. Deskin's certification as a foster caregiver:
 ASSIGNMENTS OF ERROR I. THE COURT OF COMMON PLEAS LACKED JURISDICTION TO ORDER APPELLANT TO CONDUCT A FULL HEARING AFTER IT PREVIOUSLY ENTERED A FINAL ORDER REMANDING THE MATTER TO THE AGENCY.
 II. THE COURT OF COMMON PLEAS LACKED JURISDICTION TO REMAND APPELLEE'S ADMINISTRATIVE APPEAL WITH DIRECTIONS TO CONSIDER THE MERITS.
On August 7, 1998, appellant notified appellee in writing of its proposal to enter an adjudication order against him revoking his certification as a foster caregiver. The letter stated the specific code sections which appellee allegedly violated, and informed appellee of his right to a hearing on the matter if requested within 30 days of the date of mailing of the letter. Appellee failed to respond to the letter within the required time period. However, by letter dated November 3, 1998, and before appellant had taken any action on the revocation, appellee requested a hearing. On November 17, 1998, appellant issued an adjudication order revoking appellee's foster caregiver's license. The order was based on information in appellant's files detailing violations of specific sections of the Ohio Administrative Code. Appellee filed a notice of appeal to the Fairfield County Common Pleas Court pursuant to R.C. Chapter 2506. The court concluded in a memorandum decision filed August 25, 1999, that while appellee had waived his right to a hearing, the court still had a responsibility upon a timely appeal from the adjudication order to review the order to determine if it was supported by a preponderance of substantial, reliable, and probative evidence. The court concluded that the mere factual conclusions provided by appellant were insufficient to allow the court to make a determination as to whether the adjudication order was properly issued. Accordingly, the court concluded that while appellant should not hold a hearing, appellant should consider and document evidence from which the court could determine that the Director's decision is based upon reliable, substantial, and probative evidence. The court further ordered counsel for appellant to prepare a judgment entry in accordance with the court's memorandum, and submit it to the court within 10 days. Appellant then filed a motion to reconsider, arguing that appellee's failure to request a hearing constituted a failure to exhaust administrative remedies, and the court therefore did not have subject matter jurisdiction. By a memorandum decision filed November 24, 1999, the court overruled this motion. The court ordered counsel for appellee to prepare a judgment, and submit it to the court within 10 days. On December 17, 1999, the court filed a judgment ordering appellant to consider and document sufficient evidence from which the court could determine that the Director's decision is based on reliable, probative, and substantial evidence. On March 7, 2000, the court issued another memorandum decision, this time remanding the case to appellant with instructions to conduct an evidentiary hearing. By judgment entry filed April 19, 2000, the court remanded the case to appellant with instructions to conduct an evidentiary hearing. Between the court's December 17, 1999, judgment, and the March 7, 2000, memorandum decision, no activity occurred on the case. Appellant did not comply with the court's request that she document the basis for the revocation, and appellee filed no further motions in the case.
 I
Appellant argues that the court, having remanded the case to her with instructions to document the basis for the adjudication order, lacked jurisdiction to remand the case with instructions to hold an evidentiary hearing. We agree. The court issued a final judgment on December 17, 1999, remanding the case to appellant with instructions to document the basis for her earlier decision. In the absence of a further pleading, motion, or original action, the court did not have jurisdiction to put on the April 19, 2000, entry ordering appellant to conduct an evidentiary hearing. The first assignment of error is sustained.
 II
Appellant argues that the court lacked subject matter jurisdiction over appellee's entire administrative appeal, as he failed to exhaust his administrative remedies by not timely requesting an evidentiary hearing. The trial court correctly concluded that the fact that appellee filed a request for a hearing after the statutory deadline does allow appellant to deny him an evidentiary hearing, but does not preclude appellee from filing an appeal to the common pleas court. Nothing in the language of Chapter 2506 supports appellant's argument that appellee waived the common pleas court's jurisdiction over an administrative decision adversely affecting his rights, by his mere failure to file a timely request for a hearing. Appellee had exhausted his administrative remedies, as he had no other appeal procedure available to him but his appeal to the common pleas court. The fact that he filed a request for a hearing after the deadline does allow the Board to deny him a hearing, but does not preclude him from filing an appeal. See Hsueh v. State Medical Board (October 17, 1989), Franklin App. No. 88-AP-276, unreported (failure to timely request a hearing before the Board did not divest the trial court of jurisdiction for failure to exhaust administrative remedies). The second assignment of error is overruled.
The April 19, 2000, judgment of the Fairfield County Common Pleas Court is vacated. Pursuant to App.R. 12 (B), we hereby reinstate the December 17, 1999, judgment of the Fairfield County Common Pleas Court. In accordance with that judgment, this case is remanded to appellant with instructions to comply with the December 17, 1999, judgment of the Fairfield County Common Pleas Court within 30 days of the filing of this opinion.
 _______________ Gwin, P.J.,
Hoffman, J., and Wise, J., concur